# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CV228-3-MU

| | |
|---|---|
| MICHAEL HAMILTON THREADGILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SHERWOOD MCCABE Admin. Harnett Corr. ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Michael Hamilton Threadgill's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1.) Also before the Court is the State's Motion for Summary Judgment (Doc. No. 6) and the Petitioner's Responses to the State's Motion for Summary Judgment (Doc. Nos. 8 and 13). For the reasons stated herein, Petitioner's Petition for Writ of Habeas Corpus will be denied and dismissed.

## I. Factual and Procedural Background

A review of the record reveals that on March 24, 2004 Petitioner pled guilty to seven counts of obtaining property by false pretenses. Pursuant to the terms of his plea agreement, the trial court consolidated four of the seven counts with the remaining three counts and sentenced Petitioner to three consecutive terms of nine to eleven months in prison. Petitioner signed a motion for appropriate relief ("MAR") pursuant to N.C.G.S. § 15A-1415 on November 29, 2004 and filed it on December 3, 2004. In his MAR, Petitioner argued that the State violated the Interstate Agreement on Detainers

1

(IAD), that the IAD was federal law and that his counsel was ineffective for a variety of reasons. The MAR court denied Petitioner's MAR in an order signed December 7, 2004.[1] Petitioner signed a petition for writ of certiorari on March 21, 2005 and filed it with the North Carolina Court of Appeals on March 23, 2005. The North Carolina Court of Appeals denied certiorari on April 7, 2005. Petitioner signed a petition for writ of mandamus on April 5, 2005 and filed it with the North Carolina Court of Appeals on April 8, 2005. The Court of Appeals denied mandamus on April 19, 2005. On June 16, 2005 Petitioner filed a "Petition for Writ of Mandamus Appeal from the North Carolina Court of Appeals" with the Supreme Court of North Carolina.

Petitioner signed the instant § 2254 Petition on May 26, 2005 and it was filed with this Court on June 2, 2005 alleging that the State violated the IAD in obtaining his conviction; that IAD is federal law and that his counsel was ineffective.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

---

[1] Petitioner contends that he did not receive notice of the MAR court's Order until February 28, 2005, after he called and inquired about the status of his MAR. However, the timing of when Petitioner received notice of the court's MAR decision does not impact this Court's analysis. Therefore, Petitioner's request for an evidentiary hearing to determine whether he received the MAR court's Order while in prison is denied.

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

**A. Petitioner's IAD Claims**

Petitioner contends that his conviction was obtained in violation of the IAD, a federal law. Petitioner's IAD claim will be dismissed as it is not cognizable under § 2254.[2]

Petitioner contends that while imprisoned in South Carolina, prison officials informed him

---

[2] The Court note that Respondent has made a very convincing argument that Petitioner's claim is time-barred because his IAD claim was not a properly filed claim in his MAR as he raised the IAD claim beyond the ten-day limitation period pursuant to N.C.G.S. § 15A-1415. However, because Petitioner's IAD claim is not cognizable on habeas review pursuant to 28 U.S.C. § 2254, this Court need not rule on the timeliness of Petitioner's IAD claim.

that a detainer had been lodged against him for charges in Johnston County, North Carolina (Memo in Support of Petition at 2.) Petitioner contends that he requested, under article III of the IAD, final disposition of all charges pending against him in North Carolina and provided the location and file numbers for those charges. (Id. at 2-3.) Petitioner was transported to Johnston County at which time he was served with criminal process from Rutherford County. (Id. at 3.) Petitioner was served with warrants from Rutherford County and his first appearance was set for sometime in July 2003.[3] However, Petitioner was not prosecuted in Rutherford County at that time. Instead, he was returned to South Carolina, where he served out the remainder of his term in that jurisdiction until he was released on February 28, 2004. He was then transported to North Carolina to complete his six-day, Johnston County sentence. He was released on March 5, 2004 and transported to Rutherford County, where he later pled guilty to seven charges of obtaining property by false pretenses. (Id.)

"The Interstate Agreement on Detainer Act (IAD) is a compact among 48 states, the District of Columbia, and the Federal Government. It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges." Reed v. Farley, 512 U.S. 339, 341 (1994). Both North Carolina and South Carolina are participating states. See N.C.G.S. § 15A-761 - 767 (2003); S.C. Code Ann. § 17-111-10 - 80. Under Article III of the IAD, when a state lodges a detainer against a prisoner in custody in another state, the prisoner can request final disposition of all untried indictments, information, or complaints pending in the receiving state. N.C.G.S. § 15A-761, Art. III(a), (d). The IAD contains another article that governs a state's detainer of inmates where the inmates do not themselves initiate the detainers. N.C.G.S. § 15A-671, Art. IV.

---

[3] The Court notes that the Respondent's brief indicates that this date is July 2004 and cites to Petitioner's brief as the source of this date. However, the date year as stated in Petitioner's brief is 2003.

Both Articles III and IV contain what has become known as "antishuttling," Alabama v. Bozeman, 533 U.S. 146, 150 (2001), "no return," id. at 154, or "trial-before-return" provisions, Bush v. Muncy, 659 F.2d 402, 405 (4th Cir. 1981), cert. denied, 455 U.S. 910 (1982). Article III(d) dictates, as its common name implies, that the prisoner must be tried before he is returned to the state where he is incarcerated. The sanction against a receiving state that fails to try the prisoner before his return is dismissal with prejudice of any untried charges.

Petitioner is apparently alleging that the State of North Carolina violated the "antishuttling" provision of Article III because the State returned him to South Carolina before trying him on the Rutherford County charges. However, Petitioner's claim will be denied because the alleged violation does not entitle him to relief under § 2254.

"[T]he IAD is a federal law, subject to federal construction." New York v. Hill, 528 U.S. 110, 111 (2000). However, a state prisoner may bring a § 2254 petition to challenge a state's error in applying federal law only "when the error qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" Reed v. Farley, 512 U.S. 339, 348 (1994) (quoting Hill v. United States, 368 U.S. 424, 428 (1962).

In Bush, the Fourth Circuit held that a violation of a "trial-before-return" provision of the IAD was not cognizable under § 2254 "because it [did] not involve any fundamental right historically considered critical to the protection of the criminal accused against unfair prosecution and trial by the state." 659 F.2d 402, 409 (4th Cir. 1981). Although Bush concerned Article IV's trial-before-return provision, given that the provisions of Article III's trial-before-return provision are materially similar,

5

Bush dictates that Petitioner's IAD antishuttling claim does not entitle him to relief under § 2254.[4] Petitioner's IAC claim is therefore not cognizable on federal habeas review and is dismissed.[5]

**B. Petitioner's Ineffective Assistance of Counsel Claims**

Petitioner contends that his counsel was ineffective because he failed to (1) move for a continuance to prepare an IAD claim; (2) to raise an IAD claim; (3) to request discovery materials based upon Petitioner's contention that a co-defendant committed two of the offenses; and (4) to investigate or present mitigating circumstances to the sentencing judge. Petitioner did exhaust his remedies as to his ineffective assistance of counsel claims and these claims are timely under the AEDPA.

When alleging a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31

---

[4] Indeed, the Bush Court lumped article III and IV's "trial-before-return" provisions together. See Bush, 659 F.2d 402, 408 n.4.

[5] Furthermore, Petitioner plead guilty and by entering his knowing, voluntary and counseled guilty plea, he waived any claim he may have had under the IAD. United States v. Cox, 42 Fed. Appx. 635 (4th Cir. 200) (unpublished) (concluding, where a federal criminal defendant claimed a violation of the IAD, that "[b]y pleading guilty, [the defendant] waived any claims with respect to antecedent non-jurisdictional defects.") citing Tollett v. Henderson, 411 U.S. 258, 267 (1973). Indeed, Petitioner's sworn statements, as indicated on his printed transcript of plea form, indicate that he understood that he had the right to plead not guilty and be tried by a jury, that no one induced him to plead guilty, and that he did so of his own free will, fully understanding what he was doing. (Transcript of Plea form at 1-2).

(4th Cir. 1983); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977).

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (quoting Frady, supra). Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). Therefore, if Petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290 (citing Strickland, 466 U.S. at 697).

A petitioner who alleges ineffective assistance of counsel f 474 U.S. at 53-59; Fields, supra at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) following the entry of a guilty plea has an even higher burden to meet. See, Hill v. Lockhart,. The Fourth Circuit described a petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [Strickland] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, supra at 475 (quoting Hill supra at 59); accord Fields, supra at 1297.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." Fields, at 1299, (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)); accord United States v. Lemaster, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of §2255 motion, including

7

ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter. Indeed, it has not escaped the Court's attention that Petitioner does not assert that but for counsel's alleged ineffectiveness, he would have pled not guilty and insisted upon going to trial. Thus, notwithstanding any other matters, Petitioner's claim against counsel is doomed by that failure.

First, Petitioner's assertions supporting his ineffective assistance of counsel claims are conclusory and can be denied solely on this basis. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992). Petitioner has presented nothing to this Court or to the state court to support his arguments, other than a conclusory affidavit. (See Petition, attached MAR aff.).

Next, Petitioner's claims are without merit. Petitioner alleges that his counsel told him "that if petitioner did not accept the plea that he could obtain, then he would see to it that petitioner received an habitual status enhancement." (Memo attached to Petition at 13.) Petitioner also contends that counsel failed to request discovery concerning his co-defendant's guilt of two charges. Petitioner states that counsel coerced him into the plea "which require him to plead guilty to two offenses that he did not committ." (Memo attached to Petition at 4.) The record simply does not support Petitioner's allegation of deficient performance. Petitioner's allegations are unsupported by the evidence and belied by petitioner's sworn statements to the trial court. Petitioner swore that his lawyer explained the nature of the charges and potential defenses, that he was satisfied with his lawyer's legal services, and that no one coerced him into pleading guilty. (See Transcript of Plea form attached to Respondent's Motion for Summary Judgment.) These sworn statements "create a formidable barrier," which Petitioner cannot now penetrate with his contradictory and unsupported

8

allegations. See Blackledge, 431 U.S. 73-74. Moreover. Petitioner fails to forecast any evidence implicating a co-defendant. Nor does he articulate any mitigating evidence that should have been presented at sentencing.

Finally, Petitioner raised the substance of this ineffective assistance of counsel claim in his MAR. In concluding that the MAR was without merit, the MAR court stated:

> Petitioner told his attorney what petitioner thought about his IAD claim, before entering his plea. And he did in fact enter a plea, freely and voluntarily, as part of a plea arrangement that involved dismissal of other charges. Petitioner affirmed that agreement, accepted its benefits, and acknowledged his satisfaction with his counsel's legal services. He knew, before he entered his plea, that he had an IAD argument, and he – not his attorney – then elected to plea anyway.

(MAR Order). Although the MAR court did not cite or reference the pertinent Supreme Court case law, its adjudication of the merits of Petitioner's ineffective assistance of counsel claim is correct. See Early v. Packer, 537 U.S. 3, 8 (2002) (concluding that state court need not cite or even be aware of United States Supreme Court cases in order to obtain deferential standards of review). It did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, i.e., Hill and Strickland. Nor was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings, Therefore, Petitioner's ineffective assistance of counsel claims are denied pursuant to 2254(d) and (e). See Williams v. Taylor, 529 U.S. 362 (2000).

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus is Denied and Dismissed. The State's Motion for Summary Judgment (Document No. 6) is Granted.

**SO ORDERED.**

Signed: January 24, 2008

Graham C. Mullen
United States District Judge